Per Curiam.

This seems to be a plain question. The judge admitted evidence that Dewey went to the line and pointed it out, but rejected the other declarations. This decision appears to us to be correct and conformable to the established rule. Dewey is to be considered as on the same footing with any other person having the same means of knowl edge, and the circumstance that he had been an owner of the estate several years before, can make no difference. The general rule is, that the declarations of a deceased person are not admissible, being rejected as hearsay and not under oath, with a few exceptions as to genealogy, &c. As part of the res gestae, having pointed out the line of marked trees, it was allowed further to show what he then said this line meant.
Any further declaration of a fact material to the issue, would have been an attempt to prove such fact by hearsay evidence, and so contrary to the rule. Had the deceased been requested to go and point out the line, and he had done it without any declaration whatever, it would have been an act of the same character and admissible upon the same principle. If any particular question is supposed to have been rejected which ought to have been admitted, it should have been specified, and embraced in the report.[1]

Judgment on the verdict.

 See Higley v. Bidwell, 9 Connect. R. 447; Shepherd v. Thompson, 4 N. H. R. 213; Hamilton v. Menor, 2 Serg. & R. 70; Sturgeon v. Waugh, 2 Yeates, 476; Caufman v. Congregation of Cedar Spring, 6 Binney, 59; McDonald v. *540 McCall, 10 Johns. R. 377; Redding v. McCubbin, 1 Harr. & McHen. 368 Howell v. Tilden, 1 Harr. & McHen. 84; Hall v. Gittings, 2 Harr. & Johns 12; Sasser v. Herring, 3 Devereux, 340; Beard, v. Talbot, 1 Cooke, 142 Greenl. on Ev. § 145, note.